IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH THOMPSON, )
)
    Plaintiff, )
)
v. ) No. 04 C 7173
)
CAPITAL ONE BANK, INC., )
)
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

In October 2003, plaintiff Kenneth Thompson noticed that defendant Capital One Bank, Inc. ("Capital One") was offering a higher interest rate on certificates of deposit ("CDs") than his then-current bank, Northern Trust. Mr. Thompson notified Northern Trust that it should close out his CDs. On November 2, 2003, Northern Trust issued a cashier's check in the amount of $89,559.84, payable to Capital One and listing Mr. Thompson as the remitter. Mr. Thompson then instructed an employee of his, Kelly Woods, to pick up the check from Northern Trust and open a new CD in his name at Capital One.

Ms. Woods did pick up the check as instructed, but instead of opening a new account in Mr. Thompson's name, she opened one in her own name. In December 2003, Mr. Thompson began contacting Capital One, via telephone calls and letters, attempting to find out the status of his CD. On February 24, 2004, an employee of Capital One informed Mr. Thompson that the funds in question had been used to

open an account in the name of Ms. Woods. The funds were sent from Capital One to Ms. Woods on or around March 3, 2004.

After learning that the account had been opened in Ms. Woods' name, Mr. Thompson repeatedly contacted Capital One, asking for its help in recovering his funds. Mr. Thompson also unsuccessfully attempted to contact Ms. Woods. The funds have not been returned to Mr. Thompson.

In his amended complaint, Mr. Thompson alleges that Capital One engaged in conversion by fraud, pursuant to § 3-419 of the Uniform Commercial Code ("UCC") (Count I), and was negligent in its acceptance of the cashier's check from Ms. Woods (Count II). Capital One moves to dismiss the complaint. I grant that motion, for the reasons stated below.

Count I alleges that Capital One engaged in conversion by fraud, pursuant to UCC § 3-419. Mr. Thompson alleges that Ms. Woods was not authorized to open an account in her own name; that she was not authorized to endorse checks on behalf of Mr. Thompson or his company; that Mr. Thompson did not endorse the cashier's check; and that Capital One did not verify the endorsement of the check with Mr. Thompson. Capital One argues that Count I must be dismissed, as Mr. Thompson has failed to plead it with the required specificity. Allegations of fraud must be plead with specificity, pursuant to Fed. R. Civ. P. 9(b). *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). The plaintiff must allege "the identity of the person making the misrepresentation, the time,

place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* There is no misrepresentation alleged here. Reading Mr. Thompson's amended complaint liberally, the only potential misrepresentation might be if Ms. Woods had purported to endorse the cashier's check in Mr. Thompson's name. But Mr. Thompson does not so allege, and even if he had, it would not be a misrepresentation by Capital One and would not support this claim. Mr. Thompson in no way alleges fraudulent behavior on the part of Capital One, let alone with the specificity required by Rule 9(b).

Mr. Thompson argues that he has properly alleged the elements for a claim of conversion, under UCC § 3-420. To state a claim for conversion, the plaintiff must allege "(1) that [he] owned, held an interest in, or had the right to possess a negotiable instrument; (2) that someone forged or without authority placed the plaintiff's endorsement on the instrument; and (3) that the defendant financial institution negotiated the check without [plaintiff's] authorization." *Rodrigue v. Olin Employees Credit Union*, Nos. 03-C-2470, 03-C-2607, 2005 WL 949061 (7th Cir. Apr. 19, 2005). Mr. Thompson has not done so. While he alleges that Ms. Woods was not authorized to endorse the cashier's check, he does not allege that she actually did so. Additionally, the check was a cashier's check, made payable to Capital One, and so required no endorsement from Ms. Woods for negotiation. Mr. Thompson has not pleaded the

required elements of his claim.  Capital One's motion to dismiss Count I is granted.

Count II alleges that Capital One was negligent in accepting the cashier's check and later sending funds to Ms. Woods. To state a claim for negligence, the plaintiff must allege (1) a duty running from the defendant to him, (2) a breach of that duty, and (3) damages resulting from that breach. *See, e.g., Ziemba v. Mierzwa*, 566 N.E.2d 1365, 1366 (Ill. 1991). Mr. Thompson alleges that Capital One owed him a fiduciary duty, and breached that duty to his detriment. Mr. Thompson later argues that even if Capital One did not have a fiduciary duty toward him, it at the least had a duty of care towards him as a depositor. Capital One had no duty to Mr. Thompson. First, no fiduciary duty exists between a bank and its depositor. *Obras Civiles, S.A. v. ADM Securities, Inc.* 32 F. Supp. 2d 1018, 1024 (N.D. Ill. 1999)(Gettleman, J.). Second, even if a bank does owe its depositors a general duty of care, Mr. Thompson makes no allegation that he was a depositor or otherwise a customer of Capital One. Indeed, Mr. Thompson's allegations claim that he was wronged in that Ms. Woods did *not* open an account in his name, as instructed. Without a duty, there can be no negligence. Capital One's motion to dismiss Count II is granted.

**ENTER ORDER:**

_/s/ Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: June 2, 2005

4